**Dwayne JONES, Petitioner–Appellant,**

v.

**Thomas L. CAREY, Warden; et al., Respondents–Appellees.**

**No. 06–16368.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 19, 2007.

Dwayne Jones, Corcoran, CA, for Petitioner–Appellant.

Krista Leigh Pollard, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Dwayne Jones, a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition contending that the California Board of Parole Hearings ("the Board") violated his due process rights. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *see McQuillion v. Duncan,* 306 F.3d 895, 899 (9th Cir.2002), and we affirm the district court.

Jones contends that he has been overincarcerated because he has been held beyond his minimum parole eligibility release date. He asserts that although California Penal Code § 3401(b) provides that an inmate is not entitled to receive a parole date unless the Board finds the inmate suitable for parole, § 3401(b) does not apply to him. We reject this contention for the reasons stated by the district court. *See Cal. Dep't. of Corr. v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 1599–1601, 131 L.Ed.2d 588 (1995) (describing § 3401(b) as applying to a prisoner who was serving a 15–years–to–life prison sentence identical to the one Jones is serving).

In addition, we reject Jones' contentions that California Penal Code § 190 required the Board to apply additional conduct credits in calculating his minimum parole eligibility release date. Jones has not stated with any specificity what credits of which he was deprived, and his contentions are undermined by exhibits submitted by the government showing that he was granted both pre-prison and post-sentence conduct credits. *See Jones v. Van De Kamp,* 66 F.3d 199, 204 (9th Cir.1995).

We further hold that the district court did not abuse its discretion in denying Jones an evidentiary hearing. *See Campbell v. Wood,* 18 F.3d 662, 679 (9th Cir. 1994).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

